SLIP OP. 08-55

UNITED STATES COURT OF INTERNATIONAL TRADE

```
------------------------------x
DURFEY, et al.,                :
                               :
          Plaintiffs,          :
                               :    Before: Pogue, Judge
          v.                   :    Court No. 06-00316
                               :
                               :
UNITED STATES SEC'Y            :
OF AGRICULTURE,                :
                               :
          Defendant.           :
------------------------------x
```

[Defendant's remand determination remanded.]

Dated: May 22, 2008

Akin Gump Strauss Hauer & Feld LLP (Spencer Stewart Griffith, Bernd G. Janzen, Bryce V. Bittner) for the Plaintiffs.

Gregory G. Katsas, Acting Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Delisa M. Sanchez); Jeffrey Kahn, Attorney, Office of the General Counsel, Department of Agriculture (of Counsel) for Defendant United States Secretary of Agriculture.

### OPINION AND ORDER

**Pogue, Judge:** This case returns to court after a voluntary remand to the Department of Agriculture ("Department"). Upon remand, Defendant United States Secretary of Agriculture ("the Secretary")found Plaintiffs Ted and Pam Durfey DBA Lighthouse Ranch ("the Durfeys" or "Plaintiffs") ineligible for Trade Adjustment Assistance ("TAA") benefits,[1] claiming that Plaintiffs failed to

---

[1] See Trade Adjustment Assistance Reform Act of 2002, Pub. L.
(continued...)

show that they had suffered a decrease in net farm income from the pre-adjustment year of 2003 to the applicable marketing year of 2004.

## Jurisdiction

The Court has jurisdiction over this matter pursuant to 19 U.S.C. § 2395(c) (2000) <u>amended by</u> 19 U.S.C. § 2395(c) (Supp. II 2002).

## Standard of Review

In reviewing a challenge to a Department of Agriculture determination of eligibility for TAA benefits, the court will uphold the Department's determination if the factual findings are supported by substantial evidence on the record and the Department's legal determinations are otherwise in accordance with law. 19 U.S.C. § 2395(b);[2] <u>see also</u> <u>Former Employees of Shaw Pipe, Inc. v. United States Sec'y of Labor</u>, 21 CIT 1282, 1284-5, 988 F. Supp. 588, 590 (1997) (stating that substantial evidence is "more than a mere scintilla," but must be "sufficient evidence to reasonably support a conclusion" (internal quotations and citations omitted). In such a review, the court must also consider whether the underlying determination demonstrates that the Department has

---

[1](...continued)
No. 107-210, Title I, Subtitle c § 141, 116 Stat. 953 (2002); <u>see also</u> 19 U.S.C. § 2401 (Supp. II 2002) <u>et seq.</u>

[2]Except where otherwise noted, all references to the U.S. Code are to the 2000 edition.

"examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational conection between the facts found and the choice made." <u>Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.</u>, 463 U.S. 29, 43 (1983) (internal quotations omitted).

## Background

We remanded this case to the Secretary with instructions that Plaintiffs submit any additional evidence relevant to the Department's determination of eligibility for TAA benefits. As well as the documents previously submitted, the Durfeys submitted additional documents supplied by their CPA which, they contend, properly document their net farm income when calculated on an accrual basis.

In its remand determinations the Department held the Durfeys to be ineligible for TAA benefits on the basis that their "net farm income . . . as reported to the Internal Revenue Service ("IRS"), did not decrease from the pre-adjustment year . . . on the basis of the amended tax returns filed by the Durfeys." Confidential Reconsideration Upon Remand of the Application of Ted Durfey at 1 ("Remand Determination"). To reach this conclusion the Department "compared line 36, 'Net farm profit or (loss)' on the 2003 and 2004 Schedule F's for concord grapes [submitted by the Durfeys], which the agency believes is the best evidence of net farm income."

Remand Determination at 2.  The use of line 36 of tax returns is taken by the Department to be "consistent with the definition of net farm income in the regulations and [to accord] with the generally accepted definition of net income."  Id.

Plaintiffs reply that the Secretary failed to consider additional relevant evidence, supplied by their CPA, which would have shown the Durfeys to have met the required standard of declining net farm profit from the pre-adjustment year of 2003 to the marketing year of 2004.  In failing to consider this evidence, Plaintiffs contend, the Department acted in violation of the TAA statute, the Department's own regulations, and relevant judicial precedent.

## Discussion

The Department's regulations require that an applicant for TAA benefits must submit, "[c]ertification that net farm or fishing income was less than that of the producer's pre-adjustment year." This requirement may be met either by providing "[s]upporting documentation from a certified public accountant or attorney" (7 C.F.R. § 1580.301(e)(6)(i)) or "[r]elevant documentation and other supporting financial data, such as financial statements, balance sheets, and reports prepared for or provided to the Internal Revenue Service or another U.S. Government agency."  7 C.F.R. § 1580.301(e)(6)(ii).  The disjunctive nature of this requirement is clear and specific; it indicates that the Department must, in

making its decisions, consider "supporting financial data", whether or not such data was ever provided to the IRS.  Consequently, the Department may not, without acting in violation of its own regulations, insist that it will consider only one type of evidence, that is, documents provided to the IRS.  <u>See</u> <u>Steen v.</u> <u>United States</u>, 468 F.3d 1357, 1363 (Fed. Cir. 2006)(a determination of net farm income "is not to be made solely on the basis of tax return information if other information is relevant to determining the producer's net income . . . .")

Here Plaintiffs submitted their tax returns for 2003 and 2004. As noted by the Secretary, while Plaintiffs' tax returns show a net farm loss in both 2003 and 2004, the loss in 2004 was less than that in 2003.  On the basis of this evidence, the Secretary determined that the Durfeys had not suffered a decline in net farm income from the pre-adjustment to the adjustment year and so were not eligible for TAA benefits.  Remand Determination at 2.

The Durfeys, however, contend that their tax returns, as submitted to the IRS, which were prepared on a "cash basis,"[3] did

---

[3]In defining these accounting methods, the IRS' regulations provide that

> [g]enerally, under the cash receipts and disbursements method in the computation of taxable income, all items which constitute gross income (whether in the form of cash, property, or services) are to be included for the taxable year in which actually or constructively <u>received</u>.  Expenditures are to be deducted for the taxable year in which actually made.

(continued...)

not accurately represent their finances in the years in question
due to the nature of the grape-producers' co-op, of which they are
members.  Therefore, in addition to their tax returns, the Durfeys
also submitted to the Department a report prepared by their CPA
which, they claim, converts their tax returns for the relevant
years from a cash to an accrual basis and which shows that they
suffered a net farm loss from the pre-adjustment year of 2003 to
the marketing year of 2004.

     The Department, in its remand determination, gave several
reasons for not considering the documentation provided by
Plaintiffs' CPA.  First, it claims that the method used by
Plaintiffs' CPA is not an acceptable one as it would, the
Department claims, require the Department to wait several years
past the applicable marketing year to determine whether the

_____

     [3](...continued)

26 C.F.R. § 1.446-1(c)(1)(i)(2006) (emphasis added).  In
contrast,

> under an accrual method, income is to be included for the
> taxable year when all the <u>events have occurred that fix
> the right to receive the income and the amount of the
> income can be determined with reasonable accuracy</u>. Under
> such a method, a liability is incurred, and generally is
> taken into account for Federal income tax purposes, in
> the taxable year in which all the events have occurred
> that establish the fact of the liability, the amount of
> the liability can be determined with reasonable accuracy,
> and economic performance has occurred with respect to the
> liability.

26 C.F.R. § 1.446-1(c)(1)(ii)(A)(2006) (emphasis added).

Court No. 06-00316                                      Page 7

applicant was eligible for TAA benefits or not.[4]    Remand

Determination at 2-3  More importantly, the Department seems to

insist that, whatever method of accounting is used, the numbers

used to determine TAA eligibility must be from documents "reported

to the Internal Revenue Service."  Because the Durfeys used a cash

accounting method to report their net farm income to the IRS, the

Department claims, it need not consider any other possible

accounting method.  Id. at 5.

On the first issue the Department is mistaken for two reasons.

Initially, the Department appears to mischaracterize the nature of

the accounting method used by Plaintiffs' CPA.   The method of

accounting used by the Durfeys' CPA is presented as a version of

the accrual method, a method clearly acceptable for TAA purposes.

Anderson v. United States Sec'y of Agric., 30 CIT __,__, 462 F.

Supp. 2d 1333, 1336 (2006).  However, even if the method used by

Plaintiffs' CPA does differ from a standard accrual method, such a

difference does not excuse the Department from its duty to subject

the data provided by the applicant to actual review.   As the

Federal Circuit noted in Steen, TAA eligibility determinations are,

"not to be made solely on the basis of tax return information if

---

[4]The Department's remand discussion in this regard includes
no finding of fact or conclusion regarding the adequacy of
Plaintiffs' filing at the time of its remand consideration.   As
Plaintiffs have not requested that the Department "wait until net
farm income for the three years beyond the applicable program
marketing year is reported to the IRS," the Department's
hypothetical does not address the issues presented.

other information is relevant to determining the producer's net income . . . ."  <u>Steen</u>, 468 F.3d at 1363.  <u>Steen</u> is directly applicable here.  The Department is required to actually consider the "other information" provided by Plaintiffs' CPA in determining their TAA eligibility.  In failing to do so the Department has acted in violation of its own regulations and thus in a manner that is not in accordance with law.

The Department is also mistaken on the second point.  As we have earlier held, the Department may not limit its investigation to the materials submitted by an applicant to the IRS.  The Court has held that, in its ruling in <u>Steen</u>, the Federal Circuit, "clearly did not intend for its opinion to be read to render the pro forma use of the net income line from the IRS's Schedule C in accordance with law in all circumstances."  <u>Anderson v. United States Sec'y of Agric.</u>, 30 CIT ___, ___, 469 F. Supp. 2d 1300, 1301 (2006).  To hold otherwise would be to so limit the language of 7 C.F.R. § 1580.301(e)(6)(i), which allows applicants to support their applications for TAA benefits with "supporting documents from a CPA," as to render that language a nullity, essentially collapsing this arm of the regulation into 7 C.F.R. § 1580.301(e)(6)(ii).

In <u>Steen,</u> the Federal Circuit held that "[i]n [that] case" the Secretary did not commit error in relying on Mr. Steen's tax returns to determine his eligibility for TAA benefits.  This was

due to the fact that Mr. Steen had not alleged that his tax returns distorted his net fishing income for the relevant years.  <u>Steen</u> 468 F.3d at 1363-4.  However, when an applicant alleges that other documentation is relevant for calculating his or her net farm or fishing income, the Federal Circuit stated, "the regulations make it reasonably clear that the determination of net farm income . . . is not to be made solely on the basis of tax return information . . . ."  <u>Id.</u> at 1363.  Given that the Durfeys here have clearly alleged that their tax forms distort the true nature of their net farm income the Department may not simply refuse to consider the documentation offered by Plaintiffs' CPA.  In insisting otherwise the Department has confused tax reporting methodology with supporting documentation permitted by its own regulations.

Finally, in refusing to consider the documentation provided by Plaintiffs' CPA, the Department has failed to meet its duty to make a "reasonable inquiry" into whether the offered documents would affect an applicant's eligibility for TAA benefits.  <u>See</u>, <u>Dus & Derrick, Inc. v. United States Sec'y of Agric.</u>, 31 CIT ___, ___, 469 F. Supp. 2d 1326, 1337 (CIT 2007).  Here the Department gives no evidence at all of having engaged in a "reasonable inquiry" as to whether the documents supplied by the Durfey's CPA support their application for TAA benefits.  Without such inquiry, however, the Department's determination cannot be based on substantial evidence.

Court No. 06-00316                                                  Page 10

**CONCLUSION**

For the foregoing reasons, the court remands this matter for further consideration consistent with this opinion. The agency shall have until July 22, 2008, to provide its second remand determination. Plaintiffs shall submit comments on the remand determination no later than August 12, 2008, and the government shall submit rebuttal comments no later than August 22, 2008.

SO ORDERED.

                                                    ___/s/Donald C. Pogue___
                                                    Donald C. Pogue, Judge

Dated: May 22, 2008
       New York, N.Y.

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.


Tina Potuto Kimble
Clerk of the Court


Date: _____     By: _____
                                                           Deputy Clerk